# ALFRED KORSMAN *vs.* RICE, BARTON & FALES MACHINE & IRON COMPANY.

Worcester.   January 7, 1908. — March 2, 1908.

Present : KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Negligence*, Employer's liability.

It is not necessary for the proprietor of machine works, having in the yard a hoisting crane or derrick with its wheels and cogs in full sight, which is used by the workmen in moving heavy pieces of machinery about the yard, to warn or

---

instruct a workman of mature years, who has been in the employ of such proprietor nearly three months and perfectly understands how to manage the derrick, that his hand may be crushed if it gets caught in the gearing.

TORT for personal injuries incurred on October 5, 1906, while in the employ of the defendant from having the plaintiff's left hand crushed by the gearing of a crane or derrick maintained by the defendant, with counts under the employers' liability act and at common law.   Writ dated December 18, 1906.

In the Superior Court the case was tried before *Gaskill,* J., who ordered a verdict for the defendant.   The plaintiff alleged exceptions, it being agreed by the parties that if his exceptions should be sustained judgment should be entered for the plaintiff in the sum of $1,750.

*M. M. Taylor,* for the plaintiff.

*C. S. Knowles,* for the defendant.

HAMMOND, J.   While the plaintiff was at work about a hoisting crane, his hand was caught in certain gearing and injured. The grounds upon which this action is based are that the crane and tools were defective, that there was negligence on the part of the defendant's superintendent, or the person acting as such in his absence, and negligence on the part of the defendant in failing to instruct the plaintiff properly.   At the close of the evidence the judge ordered a verdict for the defendant.

We have read the evidence carefully.   It is unnecessary to recite it in detail.   The plaintiff was a man of mature age and had been in the defendant's employ nearly three months at the time of the accident.   It was the custom for the men to work at the crane for the purpose of moving heavy pieces of machinery about the yard, and the plaintiff had frequently done so, although he testified that generally he assisted at the end of the boom and not at the foot of the derrick where the gearing was.   He admitted however that once or twice he had used the handle at the foot, by the turning of which the hoisting gearing was moved, although he said it was only to raise or lower small pieces.   The machine was simple, and the action of the plaintiff at the time of the accident shows that he understood perfectly how to manage it.   The wheels and the cogs were in full sight and the defendant had the right to assume that such a man needed no further instructions about the dangers of such a machine.   There

is no evidence of the negligence of the superintendent; and the machinery does not appear to have been defective in any respect which contributed to the accident. The real cause of the catching of the plaintiff's hand is mere matter of conjecture.

*Exceptions overruled.*